UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK




-PS-O-

FILED
JUL 1 2013
CLERK, US DISTRICT COURT, WDNY

SHAUN SIMMONS,

    Plaintiff,

-v-

GOWANDA CORRECTIONAL FACILITY,

    Defendant.

**DECISION AND ORDER**
13-CV-0647Sc

## INTRODUCTION

Plaintiff, Shaun Simmons, an inmate of the Gowanda Correctional Facility, initially filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1, 6) in the United States District Court for the Southern District of New York and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 7). Plaintiff claims that on one day, April 18, 2013, he was exposed to asbestos when the windows above his dorm, C-West Two, were being removed. He claims that a construction worker came through the dorm and told everyone to close the windows so they were not exposed to asbestos. Plaintiff has named only the Gowanda Correctional Facility as a defendant. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d

636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claim must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted.

### A. PLAINTIFF'S CLAIM

As summarized above, plaintiff's sole claim is that he was exposed to asbestos on one date in April 2013, when a construction crew was removing windows in the dorm unit above his and a member of the construction crew came through his dorm to alert everyone to shut the windows. This claim must be dismissed because the lone defendant, Gowanda Correctional Facility, is not subject to suit and because, even if a proper defendant was sued, the complaint fails to state a claim upon which relief can be granted.

1. Eleventh Amendment

The Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "An official arm of the state," such as ((the New York State Department of Corrections and Community Supervision and Gowanda Correctional Facility), "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). *See also Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (Eleventh Amendment immunity extends to "state agents and state instrumentalities that are, effectively, arms of a state.") (internal quotation marks and citations omitted); *Saxon v. Attica Medical Dept.*, 468 F.Supp.2d 480, 484 (W.D.N.Y.2007) (Larimer, D.J.) (claims against Attica Medical Department are barred by Eleventh Amendment immunity). Accordingly, plaintiff's complaint against Gowanda must be dismissed.

2. Asbestos Exposure–Eighth Amendment

Various courts have held that an inmate's unwilling exposure to an "unreasonably high concentration of air-borne asbestos particles" may constitute

a cognizable claim under the Eighth Amendment. *Pack v. Artuz*, 348 F.Supp.2d 63, 79 (S.D.N.Y. 2004) (citing *LaBounty* v. Coughlin, 137 F.3d 68, 72 (2d Cir. 1998); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990); *Klos v. Burke*, 1996 WL 77446, *1 (N.D.N.Y. Feb. 15, 1996)) "For exposure to airborne asbestos fibers to create a substantial risk of serious harm, however, the intensity and duration of the exposure must both be significant." *Pack*, 348 F.Supp. at 79 (citing *Falise v. American Tobacco Co.*, 94 F.Supp.2d 316, 324 (E.D.N.Y.2000) (noting that development of asbestos-related diseases correlates with the duration and intensity of exposure to asbestos fibers).

Because plaintiff's allegations do not establish that the one-time potential exposure to asbestos created an unreasonable risk of serious harm to his health and safety and that some unnamed prison officials acted with deliberate indifference to that risk, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Pack*, 348 F.Supp.2d at 90, *n.32* ("Thus the risk resulting from low-level exposure is not unreasonable for purposes of an Eighth Amendment claim, since to violate contemporary standards of decency, the risk must apply to anyone who is subjected to the low level exposure . . . .) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (plaintiff must also prove that "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency.")), plaintiff's complaint must be dismissed with prejudice. *See Cuoco v.*

5

*Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (an opportunity to replead should be denied as futile where "[t]he problem with [plaintiff's] cause[] of action is substantive" such that "[b]etter pleading will not cure it.")

## **CONCLUSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT JUDGE

Dated: Jun 28, 2013